**1410**

Scott MOODY, Appellant,

v.

ST. CHARLES COUNTY, a Political Subdivision of the State of Missouri; Edward Uebinger, Sheriff of St. Charles, individually and in his capacity as Chief Law Enforcement Administrator for the County of St. Charles, Missouri; Jeffrey Fishman, Appellees.

No. 93–2740.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1994.

Decided May 9, 1994.

Rehearing Denied June 10, 1994.

Rory Ellinger, O'Fallon, MO, for appellant.

Adrian P. Sulser, St. Louis, MO (Robert J. Krehbiel, Donna M. Morrison, Adrian P. Sulser, St. Louis, MO, on the brief), for appellees.

Before BOWMAN, BEAM AND MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

Scott Moody appeals the district court's grant of summary judgment to St. Charles County, Jeffrey Fishman and Edward Uebinger in this 42 U.S.C. § 1983 action. Because we find that Moody did not meet his burden of showing that there is a genuine issue of material fact, we affirm.

## I. BACKGROUND

■ Moody was arrested twice for selling cocaine to Fishman, an undercover law enforcement officer. Both arrests stem from the same alleged 1985 drug sale, and both times the charges against Moody were dropped. In 1991, Moody brought a section 1983 action against Fishman, St. Charles County, and Uebinger, the Sheriff of St. Charles County. Moody alleged that Fishman falsely accused him of selling drugs. Based on this contention, Moody claimed that he was arrested without probable cause in violation of his Fourth Amendment rights.[1] Moody further alleged that St. Charles County and Sheriff Uebinger failed to properly train and/or supervise their arresting officers.

After the case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b), all three defendants moved for summary judgment on the grounds of qualified immunity. The magistrate judge recommended that summary judgment be granted to Sheriff Uebinger, and to the County on the failure to train claim. However, the magistrate judge concluded that genuine issues of material fact precluded summary judgment on Moody's claim against Fishman, and on his failure to supervise claim against the County. Fishman and the County filed objections to the magistrate judge's report. The district court granted summary judgment to all defendants on all claims based on qualified immunity. Moody appeals.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo. *Jones v. Coonce,* 7 F.3d 1359, 1362 (8th Cir.1993). We examine the record in the light most favorable to the nonmovant and will affirm a grant of summary judgment only if there is no dispute as to any genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ In determining whether summary judgment is appropriate in this case, we engage in a two-step inquiry. First, we must decide whether the acts alleged by Moody would violate clearly established law. *Arnott v. Mataya,* 995 F.2d 121, 123–24 (8th Cir. 1993). If we decide this question in the affirmative, we must then proceed to the second step of our analysis and decide whether Moody presented evidence sufficient to create a genuine issue of material fact as to whether the state officials, in fact, committed those acts. *See Jones,* 7 F.3d at 1362. Because we determine that Moody did not produce enough evidence to create an issue of material fact, we find that summary judgment was appropriate.

■ Moody alleges that Fishman lied in the affidavit that served as the basis for both arrest warrants. Moody claims that Fishman named him as a drug dealer in an attempt to cover up Fishman's own illicit

---

1. Moody also alleged violations of his Fifth, Sixth and Eighth Amendment rights. The magistrate judge dismissed these allegations for failure to state a claim for which relief could be granted. Moody does not contest that determination, and those allegations are not at issue in this appeal.

drug transactions. We have no trouble concluding that such actions on the part of a police officer would violate clearly established constitutional norms, and therefore may serve as the basis for a section 1983 action.

■ It is clearly established that the Fourth Amendment requires a truthful factual showing sufficient to constitute probable cause before an arrest warrant can issue. *Burk v. Beene*, 948 F.2d 489, 494 (8th Cir. 1991). Information in an affidavit to establish probable cause must be truthful in the sense that the information put forth is "believed or appropriately accepted by the affiant as true." *Franks v. Delaware*, 438 U.S. 154, 165, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978). No reasonable law enforcement official could think that an arrest under the circumstances alleged by Moody would be permissible under the Fourth Amendment.

■ However, our inquiry does not end with this determination. In order to withstand the motion for summary judgment, Moody must substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1265, 122 L.Ed.2d 661 (1993). A mere scintilla of evidence is insufficient to avoid summary judgment. If the evidence is not significantly probative, the state officials are entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986). Moody has not met this burden. He submitted deposition testimony from the other individuals Fishman named as parties to the drug transaction. These individuals testified that Fishman was a habitual drug user and dealer. These allegations, if true, are disturbing. However, they do not support Moody's contention that Fishman lied when he named Moody as the individual from whom he purchased cocaine.[2] Moody

neglected to ask these witnesses the critical questions that might have demonstrated a genuine issue of material fact, namely: "have you ever seen Scott Moody sell drugs?" or "on the night in question, did Scott Moody sell cocaine to Officer Fishman in your presence?" Without some evidence other than Moody's own naked assertions that he did not sell drugs, summary judgment was appropriately granted to Fishman. *See, e.g., White v. Holmes*, 21 F.3d 277, 279–80 (8th Cir.1994).

■ Moody's claims against the County and Sheriff Uebinger are predicated on his claim against Fishman. Since we find that Fishman is entitled to summary judgment, Moody's claims against the County and Sheriff Uebinger must similarly fail.

## III. CONCLUSION

For the reasons stated above, the grant of summary judgment to Fishman, the County, and Uebinger is affirmed.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

The court holds today that a material issue of fact does not exist in this case despite plaintiff's sworn statement on the only issue of relevance, namely, whether the defendant lied in obtaining a warrant to arrest him. The court points to no circumstances that would render this statement inherently unreliable or incredible. It is true that the statement is self-serving, but most testimony is, and it cannot be rejected out of hand for that reason alone. In affirming the trial court's grant of summary judgment against the plaintiff, therefore, the court trenches on ground reserved to the jury by the Seventh Amendment to the Constitution.

The case of *White v. Holmes*, 21 F.3d 277 (8th Cir.1994), upon which the court relies in reaching its result, is inapposite to this case. That was a case in which we concluded that, even if we credited plaintiff's proffered testimony, there was no evidence to link his

2. The magistrate judge concluded that these allegations of drug use create a genuine issue of material fact as to Fishman's capacity on the night in question, and to the County's supervision of his actions. Because Moody made no

allegation and presented no evidence to suggest that Fishman was impaired by drug use on the night in question, we cannot agree with that analysis of the situation.

injury to the acts he complained of. Here, by contrast, the court refuses to credit the plaintiff's proffered evidence.

For me, a useful way of approaching these kinds of cases is to ask whether, if we were sitting as a trial court, the defendant would be entitled to a directed verdict if plaintiff's testimony was admitted. I think that the answer here is plain that a directed verdict would be reversible error.

I therefore respectfully dissent.