**Ricky EARNEST, Appellant,**

v.

**Nuby G. COURTNEY; Kelvin L. Murphy; Shirley McCoy, Appellees.**

No. 94–3702.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 9, 1995.

Decided Aug. 23, 1995.

Ricky Earnest, pro se.

Clementine Infante, Asst. Atty. Gen., for appellee.

Before WOLLMAN, MAGILL and HANSEN, Circuit Judges.

PER CURIAM.

Ricky Earnest, an Arkansas inmate, appeals the district court's [1] grant of summary judgment to defendant prison officials in his 42 U.S.C. § 1983 action. We affirm.

Earnest had a major disciplinary written against him by Work Release Supervisor Shirley McCoy, charging him with gambling after Earnest and other inmates were caught with a football pool. The next day, Earnest filed a grievance against McCoy. Earnest alleged that the following day he was questioned about the grievance and the football pool by Assistant Warden Kelvin L. Murphy. On that same day, Murphy reduced Earnest's charge to a minor disciplinary. Earnest was subsequently found guilty on the disciplinary based on McCoy's disciplinary report and information provided by confidential informants. He was sentenced to two hours extra duty by the hearing officer, and reassigned from community service employment to the utility work squad for thirty days. Earnest alleged that Warden Nuby G. Courtney, Murphy, and McCoy violated his First and Fourteenth Amendment rights because his reassignment from his community service employment to the utility work squad was in retaliation for his grievance against McCoy. He also alleged that his assignment to the utility work squad violated his Eighth Amendment rights because of the conditions in which he was forced to work.

Defendants moved for summary judgment. They submitted a copy of the major disciplinary citation written by McCoy and the affidavits of each of the defendants. In her affidavit, McCoy attested that in determining Earnest ran the football pool, she questioned all the inmates named in the pool and "several" confidential informants.

The district court granted summary judgment to defendants, concluding that Earnest was precluded from arguing he had been retaliated against, because he had been convicted of a disciplinary that was supported by some evidence. The court relied on McCoy's affidavit and disciplinary report to determine that the confidential informants' information was sufficiently reliable and constituted some evidence. The court also concluded that Earnest had not shown he was incapable of performing the outside work, and that the conditions he described did not rise to the level of cruel and unusual punishment. Earnest timely appealed, and argues that the district court misconstrued the basis of his retaliation claim.

We review a grant of summary judgment de novo, applying the same standard as the district court: whether the record, viewed in a light most favorable to the non-moving

1. The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas.

party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Mumford v. Godfried,* 52 F.3d 756, 759 (8th Cir.1995).

■ Earnest's retaliation claim is precluded because the punishment in question was imposed against him based on an actual violation of prison rules. *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994), *cert. denied,* ⸻ U.S. ⸻, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995); *Goff v. Burton,* 7 F.3d 734, 738 (8th Cir.1993), *cert. denied,* ⸻ U.S. ⸻, 114 S.Ct. 2684, 129 L.Ed.2d 817 (1994). The district court properly concluded—based on McCoy's affidavit and her disciplinary report—that the confidential informants were sufficiently reliable, providing some evidence supporting the finding of guilt. *See Superintendent v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985); *Ryan v. Sargent,* 969 F.2d 638, 640–41 (8th Cir.1992), *cert. denied,* ⸻ U.S. ⸻, 113 S.Ct. 1000, 122 L.Ed.2d 150 (1993). Thus, the district court correctly granted summary judgment to defendants on Earnest's retaliation claim.

■ Summary judgment also was appropriately granted to defendants on Earnest's Eighth Amendment claim. Earnest did not show that the utility squad work was beyond his physical capability, that the conditions were injurious, or that his equipment or clothing were inadequate. *See Choate v. Lockhart,* 7 F.3d 1370, 1374 (8th Cir.1993); *cf. Madewell v. Roberts,* 909 F.2d 1203, 1207 (8th Cir.1990).

The judgment is affirmed.