72 F.3d 133
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Charles RENTSCHLER, Appellant,
v.
Randy KAISER; Steve LONG; Michael GROOSE; Dave MERCIER;
Ralph SALKE, Appellees.
 No. 95-1977.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 6, 1995
Filed Dec. 12, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Charles Rentschler appeals the district court's[1] orders granting defendants summary judgment in his 42 U.S.C. Sec. 1983 action, and denying his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. We affirm.
 
 
 2
 Based on the record developed in the district court, it is undisputed that Rentschler obtained, and attached to a pleading filed in another lawsuit in which he was a party (Winningham v. Mercier ), a memorandum listing inmates who had possibly been exposed to a drug-resistant strain of tuberculosis. When defendant prison officials learned of Rentschler's conduct, they considered it a security violation and transferred him from the Jefferson City Correctional Center (JCCC) to the Potosi Correctional Center. Rentschler then filed this action seeking declaratory and injunctive relief, and damages. He claimed defendants denied him access to the courts, due process, and equal protection by transferring him in retaliation for his having filed a lawsuit (Rentschler v. Mercier (Mercier lawsuit)) challenging the conditions of the JCCC medical unit, thus rendering moot his claims for injunctive relief in that lawsuit.
 
 
 3
 Defendants moved for summary judgment. Defendant Correctional Medical Services (CMS)[2] employee Ralf Salke attested that he reported Rentschler's security violation to JCCC Health Services Assistant Director Randee Kaiser. Salke argued that reporting the violation did not constitute a recommendation for transfer; he had no retaliatory motive; and Rentschler's transfer was justified in light of the security violation, notwithstanding any improper retaliatory motive. Defendants Kaiser, Adult Institutions Assistant Director Steve Long, and JCCC Superintendent Michael Groose argued that Rentschler had no liberty interest in being placed in any particular institution and that his transfer was within their complete discretion, as a CMS employee had informed them that Rentschler had had inappropriate contact with the medical staff. They also argued that Rentschler's transfer did not deny him access to the courts, as he was still incarcerated in Missouri and had not shown he was unable to pursue the Mercier lawsuit. Kaiser, Long, and Groose also submitted supporting affidavits. Rentschler responded.
 
 
 4
 The magistrate judge[3] denied Rentschler's motion for a hearing, and recommended denial of defendants' motions. Upon de novo review, the district court found no evidence of a retaliatory motive and noted that Rentschler had not disputed that he obtained and published the list. The court concluded that such conduct could result in security breaches, that institutional security constituted a legitimate penological reason for Rentschler's transfer, and that a lateral transfer was within defendants' discretion. The court granted defendants summary judgment, and denied Rentschler's timely motion to alter or amend the judgment.
 
 
 5
 Rentschler argues on appeal that the district court erred in denying him a hearing. We note that Rentschler did not include the hearing issue in his post-judgment motion. In any event, in this case we do not believe it was an abuse of discretion to deny a hearing. See Sakaria v. Trans World Airlines, 8 F.3d 164, 169-70 (4th Cir.1993) (standard of review), cert. denied, 114 S.Ct. 1835 (1994).
 
 
 6
 As Rentschler timely appealed from the denial of his timely Rule 59(e) motion, we review the merits of the district court's grant of summary judgment. See Jackson v. Schoemehl, 788 F.2d 1296, 1298-99 (8th Cir.1986). We review that decision de novo, applying the same standard as the district court. Earnest v. Courtney, 64 F.3d 365, 366 (8th Cir.1995). Summary judgment is appropriate if the record demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id. at 366-367.
 
 
 7
 Generally, prisoners have no constitutional right to remain in a particular institution. Cornell v. Woods, Nos. 94-3548 & 94-3552, slip op. at 5, 1995 WL 653845 (8th Cir. Nov. 8, 1995). While prison officials cannot transfer a prisoner in retaliation for exercising a constitutional right, a prisoner raising a retaliation claim bears the substantial burden of demonstrating the impermissible retaliation was the actual motivating factor for the transfer, i.e., that "but for an unconstitutional, retaliatory motive the transfer would not have occurred." Goff v. Burton, 7 F.3d 734, 738 (8th Cir.1993), cert. denied, 114 S.Ct. 2684 (1994).
 
 
 8
 Here, defendants submitted undisputed evidence that, because Rentschler had access to certain information--confidential or otherwise--he represented a security risk. Assuming defendants did not transfer Rentschler in retaliation for his legal activities, they could have transferred him for any reason or for no reason. See Hazen v. Reagen, 16 F.3d 921, 926 (8th Cir.1994). On the other hand, even if defendants' decision to transfer Rentschler was motivated in part by the Mercier lawsuit, we conclude Rentschler failed to meet his substantial burden of demonstrating that he would not have been transferred but for the retaliation, given the defendants' legitimate security concerns. See Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir.1991) (although prisoner's filing of litigation was factor in transfer, transfer would have occurred regardless, given prisoner's serious and repetitive misconduct). Consequently, the district court properly granted summary judgment.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri
 
 
 [2]
 CMS is a private entity which contracted with the Missouri Department of Corrections to provide medical services at JCCC
 
 
 [3]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri