_____

No. 95-2754
_____

Edward W. Bowlin, III,          *
                                *
          Appellant,            *
                                *  Appeal from the United States
     v.                         *  District Court for the
                                *  Western District of Missouri.
Lonnie Mease, Sheriff,          *
                                *          [UNPUBLISHED]
          Appellee.             *


_____

               Submitted:  January 12, 1996

               Filed:  January 25, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____


PER CURIAM.


     Edward W. Bowlin, III appeals the adverse grant of summary
judgment by the District Court[1] in Bowlin's 42 U.S.C. § 1983 action
against Stone County Sheriff Lonnie Mease.


     On April 6, 1992, at approximately 11:21 a.m., a Stone County,
Missouri deputy arrested Bowlin without a warrant for failing to
display a valid license plate, and for failing to produce a
driver's license in violation of state law.  On April 7, at
approximately 5:31 p.m., Bowlin was arraigned before Stone County
Circuit Court Judge William Kirsch.  After Bowlin entered a plea of
not guilty, Judge Kirsch reviewed the criminal complaints signed by

_____

     [1]The Honorable Dean Whipple, United States District Judge for
the Western District of Missouri.

the arresting officer and the prosecutor, and set bond at $500. Because Bowlin was unable to post bond, Judge Kirsch remanded him to the custody of Stone County sheriff Lonnie Mease, where Bowlin remained for nineteen days until bond was posted. Judge Kirsch's affidavit, which was submitted by Mease, stated that "[a] determination of probable cause was neither made nor requested" when Bowlin appeared at his April 7 arraignment. Bowlin claimed Mease's detention of him without a prompt judicial determination of probable cause violated his Fourth and Fourteenth Amendment rights.

The District Court granted Mease summary judgment, which we review de novo, applying the same standard as the district court: whether the record, viewed in a light most favorable to the non-moving party, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam); see also Fed. R. Civ. P. 56(c). The Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended restraint on liberty following an arrest without a warrant. Gerstein v. Pugh, 420 U.S. 103, 114, 125-26 (1975). Law enforcement officers may be held liable for Gerstein violations, even if they "were not responsible for the delay in the arraignment," because the officers are under no obligation to continue to hold an arrestee before his arraignment. Wayland v. City of Springdale, Ark., 933 F.2d 668, 670 (8th Cir. 1991).

We agree with the District Court that Bowlin failed to show the thirty-hour delay before arraignment was unreasonable. See County of Riverside v. McLaughlin, 500 U.S. 44, 56-57 (1991) (holding person taken before judicial officer within forty-eight hours of arrest bears burden of proving that delay was unreasonable in relation to time necessary to complete administrative procedures incident to arrest). Furthermore, Mease cannot be liable for any constitutional violation resulting from Judge Kirsch's failure to

make a probable cause determination at Bowlin's arraignment, because Judge Kirsch's order remanding Bowlin into Mease's custody until Bowlin had posted bond legally obligated Mease to hold Bowlin. <u>Cf.</u> <u>Patterson v. Von Riesen</u>, 999 F.2d 1235, 1240 (8th Cir. 1993) (noting courts have consistently held that officials--including sheriffs--acting pursuant to facially valid court orders have absolute quasi-judicial immunity from damages for actions taken pursuant to that order).

Accordingly, we affirm the judgment of the District Court, and we deny Bowlin's motion for disciplinary action against Mease's attorney.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.