_____

No. 96-1173
_____

Richard L. Welch,                    *
                                     *
          Appellant,                 *
                                     *
     v.                              *   Appeal from the United States
                                     *   District Court for the
Liberty Machine Works, Inc.,         *   Eastern District of Missouri
a Missouri corporation,              *
                                     *        [UNPUBLISHED]
          Appellee.                  *

_____

          Submitted:  October 7, 1996

             Filed:  October 23, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Richard L. Welch appeals from the final judgment entered in the
District Court[1] for the Eastern District of Missouri granting Liberty
Machine Works, Inc. (Liberty), summary judgment on Welch's handicap
discrimination claim under the Missouri Human Rights Act (MHRA).  For the
reasons discussed below, we affirm.


     Welch filed a two-count complaint, alleging that he was terminated
one week after telling Liberty he had a fistula which required surgery and
other medical care.  Welch claimed his termination violated the Employee
Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1003(a), 1132, 1140,
and constituted handicap discrimination in violation of the MHRA, Mo. Rev.
Stat. § 213.010-.137.


_____

     [1]The Honorable Donald J. Stohr, United States District Judge
for the Eastern District of Missouri.

Liberty moved for partial summary judgment on the MHRA claim, arguing that Welch had only a temporary illness that did not substantially limit any of his major life activities, and thus he did not have a "handicap" under the MHRA. In support, Liberty attached deposition testimony from Welch and his surgeon. The surgeon had testified that Welch had a urinary tract infection ("diverticulitis") which had caused an inflammation and abscess (a "fistula") to develop in his colon, and that he performed two surgeries. Welch had testified that he could have returned to work one week after the first surgery, he worked for another employer two months after the second surgery, he had no lasting physical impairment, he was able to work on the day he was terminated, and none of his life functions were in any way impaired. Welch opposed the motion, citing his surgeon's testimony that diverticulitis could "be a recurring kind of problem which has acute flare-ups and then subsides," and that Welch had described some pain episodes occurring over the previous five years. Welch argued his diverticulitis was not merely a temporary impairment.

The district court granted Liberty partial summary judgment, concluding that Welch's medical condition did not constitute a "handicap" under the MHRA, because Welch did not produce evidence that his condition substantially limited any major life activity. The district court granted Welch's motion to voluntarily dismiss without prejudice his ERISA claim "so that federal jurisdiction may be retained" over the MHRA claim.

We have jurisdiction over this appeal. See Chrysler Motors Corp. v. Thomas Auto Co., 939 F.2d 538, 540 (8th Cir. 1991). We review a grant of summary judgment de novo, applying the same standard as the district court. Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

To establish a prima facie case of handicap discrimination under the MHRA, Welch needed to show that he was handicapped under

the statutory definition.  See <u>Welshans v. Boatmen's Bancshares, Inc.</u>, 872 S.W.2d 489, 493 (Mo. Ct. App. 1994).  The MHRA defines handicap as "a physical or mental impairment which substantially limits one or more of a person's major life activities, a condition perceived as such, or a record of having such an impairment, which with or without reasonable accommodation does not interfere with performing the job."  Mo. Rev. Stat. § 213.010(10).  We agree with the district court that Welch was not handicapped under the MHRA because his condition did not "substantially limit" any major life activity.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.