_____

No. 96-2690
_____

In the Matter of:  Missouri      *
Towing & FR&R Leasing, a         *
general partnership; Jefferson   *
Barracks Marine Service, Inc.,   *
a corporation for exoneration    *
from, or limitation of,          *
liability, *
                                   Appeal from the United States
         Appellees,              *    District Court for the
                                 *    Eastern District of Missouri.
    v.                           *
                                 *         [UNPUBLISHED]
                                 *
Tammy Lynn Strange, As           *
independent administrator of     *
the Estate of Mark E. Strange,   *
                                 *
         Appellant.              *


_____

              Submitted:  January 29, 1997

                  Filed:  February 12, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     This case arises from the accidental drowning of Mark Strange,
a barge cleaner employed by appellee Jefferson Barracks Marine
Service, Inc.  In 1992, Strange and fellow employees John Moore and
Mike Burris were cleaning a coal barge located in the Mississippi
River when Strange collapsed and fell overboard; three days later,
the Coast Guard discovered his body without a life jacket several
miles downstream.  Appellees, owners of the tugboat that
transported the barge cleaners to the coal barge, filed a complaint
under the Limitation of Vessel Owner's Liability Act, 46 U.S.C.
§§ 181-195, seeking exoneration from liability for Strange's death.

Strange's wife, child, and estate (claimants) filed claims against the tugboat owners in the limitation proceeding, pursuant to section 5(b) of the Federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). The district court[1] granted the tugboat owners' subsequent motion for summary judgment, and claimants now appeal.

We review a grant of summary judgment de novo, applying the same standard as the district court. See Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam). Under section 905(b), longshoremen may bring a cause of action against vessel owners whose negligence caused death or injury. See 33 U.S.C. § 905(b); Scindia Steam Nav. Co. v. De Los Santos, 451 U.S. 156, 167-68 (1981); see also Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 531 (1983). The duties of care vessel owners owe longshoremen include a "turnover duty," which requires upon commencement of stevedoring operations that the ship's condition be such that an expert and experienced stevedore exercising reasonable care can perform its operations with reasonable safety, and that a shipowner warn the stevedore of hidden hazards. Howlett v. Birkdale Shipping Co., 512 U.S. 92, 98 (1994); Scindia Steam, 451 U.S. at 167-78.

Claimants argued the tugboat owners breached their turnover duty by failing to equip the tugboat with life jackets. Assuming, without deciding, that the tugboat owners had such an obligation, we conclude the undisputed evidence fails to demonstrate that the tugboat owners breached it. The uncontradicted testimony of Moore and Burris--the only eyewitnesses--was that company policy required employees to wear life jackets while on barges, the tugboat was

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

typically equipped with life jackets, and Strange was wearing a life jacket prior to falling overboard to his death.  The absence

of a life jacket when Strange's body was recovered does not refute, nor is even necessarily inconsistent with, the eyewitness accounts so as to preclude summary judgment.  See Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.