107 F.3d 876
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
In the Matter of: MISSOURI TOWING & FR & R LEASING, a
general partnership; Jefferson Barracks Marine
Service, Inc., a corporation for
exoneration from, or
limitation of,
liability, Appellees,
v.
Tammy Lynn STRANGE, As independent administrator of the
Estate of Mark E. Strange, Appellant.
 No. 96-2690.
 United States Court of Appeals, Eighth Circuit.
 Feb. 12, 1997.
 
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case arises from the accidental drowning of Mark Strange, a barge cleaner employed by appellee Jefferson Barracks Marine Service, Inc. In 1992, Strange and fellow employees John Moore and Mike Burris were cleaning a coal barge located in the Mississippi River when Strange collapsed and fell overboard; three days later, the Coast Guard discovered his body without a life jacket several miles downstream. Appellees, owners of the tugboat that transported the barge cleaners to the coal barge, filed a complaint under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 181-195, seeking exoneration from liability for Strange's death. Strange's wife, child, and estate (claimants) filed claims against the tugboat owners in the limitation proceeding, pursuant to section 5(b) of the Federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b). The district court[1] granted the tugboat owners' subsequent motion for summary judgment, and claimants now appeal.
 
 
 2
 We review a grant of summary judgment de novo, applying the same standard as the district court. See Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir.1995) (per curiam). Under section 905(b), longshoremen may bring a cause of action against vessel owners whose negligence caused death or injury. See 33 U.S.C. § 905(b); Scindia Steam Nav. Co. v. De Los Santos, 451 U.S. 156, 167-68 (1981); see also Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 531 (1983). The duties of care vessel owners owe longshoremen include a "turnover duty," which requires upon commencement of stevedoring operations that the ship's condition be such that an expert and experienced stevedore exercising reasonable care can perform its operations with reasonable safety, and that a shipowner warn the stevedore of hidden hazards. Howlett v. Birkdale Shipping Co., 512 U.S. 92, 98 (1994); Scindia Steam, 451 U.S. at 167-78.
 
 
 3
 Claimants argued the tugboat owners breached their turnover duty by failing to equip the tugboat with life jackets. Assuming, without deciding, that the tugboat owners had such an obligation, we conclude the undisputed evidence fails to demonstrate that the tugboat owners breached it. The uncontradicted testimony of Moore and Burris--the only eyewitnesses--was that company policy required employees to wear life jackets while on barges, the tugboat was typically equipped with life jackets, and Strange was wearing a life jacket prior to falling overboard to his death. The absence of a life jacket when Strange's body was recovered does not refute, nor is even necessarily inconsistent with, the eyewitness accounts so as to preclude summary judgment. See Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir.1994).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri