**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

———————

No. 96-2435

———————

Frances L. Kearns,             *
                                 *
          Appellant,       *
                                 *
     v.                        * Appeal from the United States
                                 * District Court for the
Marvin T. Runyon, Jr.,      * Western District of Missouri.
Postmaster General, United    *
States Postal Service,      *       [UNPUBLISHED]
                                 *
          Appellee.        *

———————

Submitted:  March 7, 1997

Filed: April 2, 1997

———————

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

———————

PER CURIAM.

      Frances L. Kearns appeals the district court's[1] grant of summary judgment to the United States Postal Service (USPS) on her claim under the Rehabilitation Act, 29 U.S.C. § 701 et seq.  We affirm.

      Kearns was a part-time flex clerk (PTF clerk) at the Drexel, Missouri facility.  As such, she was guaranteed two hours of employment every two weeks, but from 1976 to 1993, she had worked approximately nineteen hours per week.  In 1993, a second PTF clerk was hired, and Kearns's hours were reduced to approximately twelve or fourteen per week.  As relevant to this appeal, Kearns claimed

———————————————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

the reduction was based on her relationship with her disabled parents, in violation of the Rehabilitation Act.

This court reviews the district court's grant of summary judgment de novo, applying the same standard as the district court; summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Earnest v. Courtney, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam).

We find that the USPS's actions in hiring a second clerk and reducing Kearns's hours accordingly did not constitute an adverse employment action that violated the Rehabilitation Act.  Kearns was guaranteed only two hours of work per pay period, and the USPS provided unrebutted evidence that a second clerk was hired to enable the post office to remain open in the event both the postmaster and Kearns were absent.  Cf. Burns v. City of Columbus, 91 F.3d 836, 841-42 (6th Cir. 1996) (handicap may not be sole reason for adverse employment action).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.