HANSEN, Circuit Judge,
concurring.
I concur in the court’s opinion and judgment but write specially to emphasize the context within which this case must be contained. This is not the usual criminal case denial-of-a-suppression-motion setting in which Franks is generally applied. In that usual setting, the district court would hold a hearing and make fact-findings indicating which version of the facts is found to be the most credible. That is not this case, and I note that contrary to the dissent’s assertion, the court’s opinion today does not hold that Ms. Davis’s testimony is credible and true. Rather, the court engages in the necessary fiction that her deposition testimony is true because we are in the summary judgment context where the facts must be taken in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
This case addresses the denial of an officer’s motion for summary judgment asserting qualified immunity. In this context, we determine whether the allegations and evidence presented, taken in the light most favorable to the nonmoving party, create a genuine issue of material fact concerning whether the officer would have known that his conduct violated a clearly established federal right. See Walden v. Carmack, 156 F.3d at 868-69. Viewing the facts asserted in the light most favorable to Ms. Hunter requires us to engage in the fiction that Ms. Davis’s deposition testimony is credible for this limited exercise. I do not quarrel with the dissent’s statement that the plaintiffs own naked allegations are not sufficiently probative to permit a finding in the plaintiffs favor. See Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir.1994). The deposition testimony here, however, is not a naked allegation of the plaintiff but a statement by a witness that she told the officer she did not obtain the drugs from Ms. Hunter. If taken as true (which is the light most favorable to the plaintiff), this statement is probative of whether the officer knowingly made a false statement or material omission in the warrant affidavit.
If Officer Namanny is challenging the veracity of Ms. Davis’s statements in this appeal, then the issue becomes no more than a dispute concerning the sufficiency of the evidence over which we have no interlocutory jurisdiction. See Behrens v. Pelletier, 516 U.S. at 313, 116 S.Ct. 834; Johnson v. Jones, 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).