# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2532

_____

United States of America,      *

         Appellee,      *

     *    Appeal from the United States

v.      *    District Court for the

     *    District of North Dakota.

Stephen Ripplinger,      *

     *      [UNPUBLISHED]

         Appellant.      *

_____

Submitted: June 27, 2001
Filed:  July 11, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Stephen Ripplinger appeals the district court's[1] adverse grant of summary judgment in this action brought by the United States to enforce a wetlands easement. We affirm.

Briefly, the facts are as follows.  In 1967, the government purchased a perpetual easement for waterfowl management purposes covering two lots in Pierce County,

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

North Dakota.  The easement contained limitations on drainage, filling, and burning of the wetlands within the tract.  Ripplinger acquired title to the tract in 1990, and in 1996 he added fill to certain property believed to be covered by the easement.  His United States Department of Agriculture benefits were revoked based on a determination that he had converted protected wetland in violation of the Swampbusters Act, 16 U.S.C. §§ 3821-3823, and he entered into a Wetland Restoration Agreement in March 1997 to obtain reinstatement of the benefits.  When he failed to restore the wetland as promised in the agreement, the government brought the instant suit in equity to enforce the easement.  The district court granted the government's motion for summary judgment, concluding that under the restoration agreement Ripplinger had promised to remove the fill and had received program payments in exchange for his promise, and the court refused to revisit the parties' rights and obligations because they had merged into the agreement.

We review de novo the grant of summary judgment.  See Cooper v. Olin Corp., 246 F.3d 1083, 1087 (8th Cir. 2001) (standard of review).  We need not decide--as Ripplinger argues--whether the district court erred in granting summary judgment on a basis not argued by the parties, because we conclude summary judgment was proper regardless.  See Miller v. Benson, 51 F.3d 166, 170 (8th Cir. 1995) (this court may affirm district court's judgment on any ground supported by record).

Specifically, we find that the uncontroverted evidence (i.e., two biologists' opinions) showed the subject property was a naturally occurring wetland as described in the easement.  Cf. United States v. S. Inv. Co., 876 F.2d 606, 612 (8th Cir. 1989) (accepting expert's opinion that area was wetlands where opinion was based on aerial photographs, documentation of river gauge, and personal observation).  We also find that Ripplinger offered nothing to support either his assertion that the easement prevented only "complete" filling, or his contention that the filled area still functions as a waterfowl production area.  See Moody v. St. Charles County, 23 F.3d 1410, 1412

(8th Cir. 1994) (nonmoving party's allegations must be supported by probative evidence; mere scintilla of evidence is insufficient to avoid summary judgment).

Finally, we reject Ripplinger's argument that the easement permitted him to deposit fill in the wetland before cutting hay. The easement permitted landowners to engage in "farming practices such as grazing, hay cutting, plowing, working and cropping wetlands," but only "when the same are dry of natural causes" and only if these activities do not involve filling.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.