# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1502

_____

Robert L. Bonnett, Jr.,     *
                                        *

         Appellant,     *

                                          *    Appeal from the United States

      v.                              *    District Court for the

                                          *    Eastern District of Missouri.

Anheuser-Busch, Inc.,     *

                                          *        [UNPUBLISHED]

         Appellee.      *

_____

Submitted: July 23, 2002
Filed: August 9, 2002

_____

Before McMILLIAN, BOWMAN, and FAGG, Circuit Judges.

_____

PER CURIAM.

Robert L. Bonnett, Jr., appeals from the District Court's[1] adverse grant of summary judgment in his Americans with Disabilities Act (ADA) lawsuit against Anheuser Busch, Inc. (ABI). Having carefully reviewed the record, see Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 449-50 (8th Cir. 1998) (standard of review), we affirm.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

We agree with the District Court that Bonnett's complaint was time-barred. ABI terminated Bonnett on July 1, 1998, and his Equal Employment Opportunity Commission (EEOC)/Missouri Commission on Human Rights (MCHR) charge was dated June 28, 1999. Further, the EEOC sent Bonnett a right-to-sue letter in November 1999, and he did not file the instant complaint until May 2001. See 42 U.S.C. § 2000e-5(e)(1), (f)(1) (1994) (requiring that Title VII claims be filed with EEOC within 300 days of alleged unlawful employment practice; if charge is dismissed by EEOC, aggrieved party may bring civil action within ninety days after notice of dismissal is given); 42 U.S.C. § 12117(a) (1994) (adopting procedures under § 2000e-5 for ADA claims). The evidence Bonnett offered in resisting summary judgment did not create a triable issue on the timeliness of his charge, see Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (requiring party seeking to defeat summary judgment motion to substantiate allegations with sufficient probative evidence, not just with speculation or conjecture), or on the timeliness of his complaint, see Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 947 (8th Cir. 1999) (explaining that there is general rebuttable presumption that properly mailed document is received); and we find no basis for the application of equitable tolling, see Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (per curiam) (holding that plaintiff "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.