# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1873
_____

| | | |
|---|---|---|
| Robert Vonoczky, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Bill Hedrick; K. J. Wendt; Hugh G. | * | |
| Harris; Mahmood Choudhury; Lance | * | [UNPUBLISHED] |
| Luria; Tamer Khalil; United States of | * | |
| America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: August 7, 2002
Filed: August 14, 2002
_____

Before McMILLIAN, BOWMAN, and FAGG, Circuit Judges.
_____

PER CURIAM.

Federal inmate Robert Vonoczky appeals the District Court's[1] adverse grant of summary judgment in his action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Having carefully reviewed the record, see Beck v. Skon, 253 F.3d 330, 332-33 (8th Cir. 2001) (standard of review), we affirm.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Vonoczky sued various medical personnel at the United States Medical Center for Federal Prisoners in Springfield, Missouri,[2] claiming deliberate indifference to his serious medical needs. He based his claim on allegations related to an above-the-knee amputation (AKA) performed in April 1999 and the pre-AKA treatment he received for a wound and developing bone infection.

Vonoczky's claims regarding the pre-AKA treatment that appellees rendered essentially amounted to a disagreement with the course of treatment, and the record showed that appellees aggressively treated--not deliberately disregarded--his medical conditions. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (analysis of Eighth Amendment claims). Further, the evidence Vonoczky offered failed to establish his allegations about suffering kidney and liver damage from prescribed medications, or about his condition worsening because of the pre-AKA treatment he received. See Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (holding that to defeat summary judgment, party must substantiate allegations with sufficient probative evidence that would allow finding in party's favor on more than just speculation or conjecture).

Vonoczky also failed to create a triable issue on his AKA-related claims. The summary judgment record showed that he insisted on having an amputation, and that his consent to the AKA was valid. See Dulany v. Carnahan, 132 F.3d 1234, 1243 (8th Cir. 1997) (describing how an inmate's allegation about not remembering signing surgical consent form, coupled with her medical expert's affidavit expressing doubt about informed consent, was speculation that did not create reasonable inference of deliberate indifference). Further, another specialist's recommendation of a through-the-knee amputation as a treatment option failed to support Vonoczky's

---

[2]One physician defendant was dismissed prior to service of process, and the District Court granted Vonoczky's motion to dismiss the non-medical defendants.

claim that appellees knew he really wanted a below-the-knee amputation (BKA), nor did it support that a BKA was even medically appropriate.

Vonoczky's remaining arguments provide no basis for reversal. Accordingly, we affirm, <u>see</u> 8th Cir. R. 47B, and we deny his request for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.