# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1811

_____

| | | |
|---|---|---|
| Herman W. Hampton, III, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| City of Jonesboro, Arkansas; | * | |
| Floyd Johnson, Chief of Police, | * | [UNPUBLISHED] |
| Jonesboro Police Department; Bruce | * | |
| Page, Detective with Jonesboro | * | |
| Police Department; Rick Elliott, | * | |
| Detective with Jonesboro Police | * | |
| Department; | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 7, 2003

Filed: January 27, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Herman Hampton brought this 42 U.S.C. § 1983 action against the City of Jonesboro, Arkansas (Jonesboro), Jonesboro police chief Floyd Johnson, and Jonesboro detectives Bruce Page and Rick Elliott, alleging that Page and Elliott violated his Fourth Amendment rights by arresting him for murder based

upon false information and information from bribed witnesses, that Johnson failed to properly train and supervise the officers, and that Jonesboro maintained an unconstitutional custom or practice of bribing and eliciting false testimony from witnesses. The district court[1] granted defendants summary judgment, ruling that Hampton had failed to present any admissible evidence supporting his claims. Hampton appeals, arguing that the court erred in allowing his court-appointed counsel to withdraw, and in granting defendants summary judgment; and that his counsel failed to provide him with any representation.

The district court properly granted summary judgment. See Moody v. St. Charles County, 23 F.3d 1410, 1411 (8th Cir. 1994) (de novo review). Hampton did not establish that the alleged unconstitutional conduct was part of an official policy or custom of the Jonesboro police. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 & n.55 (1978) (local governments and local government officials sued in their individual capacities are liable under § 1983 if "the action alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or if the unconstitutional act is governmental "custom"). Nor did Hampton submit any admissible evidence to contradict defendants' evidence that the police officers were properly trained, or that the officers did not bribe any witnesses. See Fed. R. Civ. P. 56(e) (affidavits shall be made on personal knowledge and set forth facts admissible in evidence; party adverse to summary judgment may not rest upon mere allegations or denials of other party's pleadings; adverse party's response must set forth facts, by affidavits, showing genuine issue for trial). Hampton also failed to present any evidence suggesting that the officers had reason to know that the information implicating Hampton in the murder was false, or that they failed to properly investigate the information. See Moody, 23 F.3d at 1411-12 (information in affidavit

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

-2-

to establish probable cause must be believed or appropriately accepted by affiant as true; lying in affidavit may serve as basis for § 1983 action; summary judgment appropriate where plaintiff could not substantiate his allegations with sufficient probative evidence that would permit finding in his favor).

Because Hampton did not object after the court allowed his counsel to withdraw--indeed, he decided to proceed pro se--we need not address Hampton's argument that the district court erred in doing so. See Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999) (arguments raised for first time on appeal need not be addressed). Hampton's argument that his counsel was ineffective is meritless. See Glick v. Henderson, 855 F.2d 536, 541 (8th Cir. 1988) (no constitutional or statutory right to effective assistance of counsel in civil case).

Accordingly, we affirm.

_____