# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1953

_____

| | | |
|---|---|---|
| John L. Hrbek, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Southern |
| Walter Kautzky, Director, State of | * | District of Iowa. |
| Iowa; John F. Ault, Warden, State of | * | |
| Iowa, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: December 17, 2004
Filed: January 24, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and RILEY, Circuit Judges.

_____

PER CURIAM.

John Hrbek appeals the denial by the district court[1] of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. Mr. Hrbek, an Iowa state prisoner, claims to have been denied due process in a prison disciplinary hearing that resulted

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

in his losing sixteen days of good time, a penalty later reduced to two days by an Iowa state court. We affirm the judgment of the district court.

Mr. Hrbek offers various bases for relief: bias on the part of the administrative law judge (ALJ) at Mr. Hrbek's prison disciplinary hearing, lack of opportunity at the hearing to present evidence, illegal classification of his disciplinary report as "major," deficient notice of the conduct that violated the Iowa Department of Corrections rules under which he was punished, and lack of any evidentiary support for aspects of the ALJ's decision. Because the report and recommendation of United States Magistrate Judge Thomas J. Shields, which the district court adopted, ably demonstrates why nearly all of Mr. Hrbek's arguments lack merit, in this opinion we discuss only one of Mr. Hrbek's arguments in order to clarify why it also fails.

Mr. Hrbek contends that the ALJ had no evidence to support her decision to discipline Mr. Hrbek for violating Iowa Department of Corrections Rule 14, which prohibits threats and intimidation. Mr. Hrbek's punishment resulted from a conversation that he had with two correctional officers who had found two pornographic magazines while "shaking down" a cell. Mr. Hrbek told the officers that he owned the magazines, which he had purchased and then rented to other inmates. According to the disciplinary notice written by the correctional officer who reported the incident, Mr. Hrbek predicted that the inmate in whose cell the magazines were found and Mr. Hrbek "would go around." This statement substantiates the ALJ's conclusion that Mr. Hrbek had threatened to "take care of the individual who had allowed [the pornographic magazines] to be confiscated" and satisfies the "some evidence" requirement set forth in *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). *See Earnest v. Courtney*, 64 F.3d 365, 367 (8th Cir. 1995).

Affirmed.

_____