# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

───────────

No. 04-3946

───────────

Juan Bass,                                    *
                                              *
              Appellant,                      *
                                              *    Appeal from the United States
       v.                                     *    District Court for the
                                              *    Eastern District of Arkansas.
SBC Communications, Inc., and                 *
participating companies,                      *
                                              *
              Appellee.                       *

───────────

Submitted: June 24, 2005
Filed: August 11, 2005

───────────

Before MURPHY, BYE, and SMITH, Circuit Judges.

───────────

SMITH, Circuit Judge.

In this employment discrimination case, Juan Bass ("Bass") appeals summary judgment in favor of his former employer, SBC Communications, Inc. ("SBC"), on Bass's claims under the Americans With Disabilities Act ("ADA"). We affirm.

## I. Background

SBC employed Bass as a Network Center Technician in May 2001. In September 2002, SBC placed Bass on short term disability ("STD") because of physical limitations caused by the medical conditions Raynauds Syndrome and Scleroderma. During Bass's term of temporary disability, or soon thereafter, SBC

moved the operation that included Bass's position from Little Rock, Arkansas, to Dallas, Texas. Bass, along with others in his section, were given the opportunity to transfer to Dallas and continue employment with SBC. Bass completed the necessary paperwork to allow him to transfer. Nevertheless, SBC declined the transfer due to Bass's inability to produce a release from his physician stating that he could return to work. According to Bass, his personal physician released him to return to work in August 2003. Bass never produced a copy of the physician's release to either SBC or the district court. SBC's physician concluded that Bass was physically unable to return to work. In August 2003, Bass began receiving Long Term Disability ("LTD") benefits from SBC and the Social Security Administration.

Bass challenged SBC's determination that he was unable to perform the essential functions of his job after his request to return to work and brought this suit in the United States District Court for the Eastern District of Arkansas.[1] Bass alleged that SBC's refusal to allow him to return to work exacerbated his condition to the point that he was no longer able to perform his essential job functions.[2]

SBC moved for summary judgment on the ADA claims. The district court determined that Bass was unable to show that he could perform the essential functions of his job. The district court rejected Bass's contention that he could have returned to work in July or August 2003, noting that in his deposition, Bass stated that he could not perform his duties and that the medications he took for his illnesses left him incapacitated. The district court also viewed Bass's receipt of LTD payments in August 2003, as a concession that he was disabled and unable to perform his job

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[2]Bass also brought a race discrimination claim under Title VII of the Civil Rights Act of 1964 but did not appeal the district court's summary judgment on this claim.

duties at that time. The district court found Bass's evidence insufficient to create a genuine issue of material fact on his ADA claim. Bass now appeals summary judgment in favor of SBC on his ADA claims.

## II. *Discussion*

We review the grant or denial of summary judgment de novo, applying the same standard as the district court and may affirm on any grounds supported by the record. *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997). Summary judgment is appropriate where the record shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 834 (8th Cir. 2002). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. However, we must "remain mindful 'that summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based.'" *Mayer v. Nextel West Corp.*, 318 F.3d 803, 806 (8th Cir. 2003) (citing *Keathley v. Ameritech Corp.*, 187 F.3d 915, 919 (8th Cir. 1999)).

"In the absence of evidence of direct discrimination, ADA claims are evaluated by the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)." *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1044 (8th Cir. 2005). Under this framework, an employee must first establish a prima facie case of discrimination: (1) an ADA-qualifying disability; (2) qualifications to perform the essential functions of his position with or without a reasonable accommodation; and

(3) an adverse action due to his disability. *Kincaid v. City of Omaha,* 378 F.3d 799, 804 (8th Cir. 2004). Once the employee establishes a prima facie case, the employer must proffer a legitimate, nondiscriminatory reason for the adverse employment action. *See McDonnell Douglas,* 411 U.S. at 802. If the employer proffers such a reason, the employee must respond and show that the proffered reason is merely a pretext for discrimination. *See id.* at 803.

The district court determined that Bass failed to establish a prima facie case, as he could not perform the essential functions of his job. An employee is qualified for a job when (1) he meets the necessary prerequisites for the job, including training, education, and experience; and (2) can perform the essential functions, with or without reasonable accommodation. *Cravens v. Blue Cross and Blue Shield of Kansas City,* 214 F.3d 1011, 1016 (8th Cir. 2000). It is undisputed that Bass met the necessary prerequisites for his job. The only issue is whether Bass could perform the essential functions of his job with or without reasonable accommodation.

Bass argues that genuine issues of material fact exist as to whether he was able to perform the essential functions of his job in July 2003. In support of its motion for summary judgment on this issue, SBC presented the findings of its physician that Bass was unable to return to work. In response, Bass offered no rebuttal medical evidence, but relied solely on his own statements that he could have returned to work during the month of August. These statements are insufficient to avoid summary judgment. *See Mayer*, 318 F.3d at 809 ("[e]vidence, not contentions, avoids summary judgment"). While Bass asserts that his personal physician released him to return to work, Bass did not produce a return to work release or an affidavit or deposition from his physician to support his contention.

Moreover, in his deposition, Bass testified that he was unable to work or perform the functions of his job. For example, Bass testified that the medications he took for his illness left him incapacitated and there is no evidence that Bass was on

-4-

different medication during the time he alleges he was able to return to work. When asked during his deposition whether he could perform his duties at SBC, Bass answered, "No. No, I know I couldn't." He added, "I'm in so much pain right now you wouldn't believe it." Bass testified that his medical condition began deteriorating shortly after February 2003 and got progressively worse until he was able to begin exercising in May or June 2003. When asked how long after August 2003 he would have been able to work at SBC, Bass replied, "There's no way of predicting that because of this condition. You can't predict when it's going to jump on you . . . [t]hat's like trying to predict when someone is going to have a heart attack." Bass argues that he can reconcile his deposition testimony with his contentions that he is able to return to work. *See Gilmore v. AT&T*, 319 F.3d 1042, 1047 (8th Cir. 2003) (an ADA "plaintiff who has sworn to his inability to work must 'reconcile [these] seemingly contradictory statements'"). Based upon our review of the record, Bass's evidence did not establish that he was able to perform the essential functions of his job. Consequently, he failed to establish a prima facie case under the ADA.

Accordingly, we affirm summary judgment in favor of SBC.

_____