# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2460

_____

Richard Delon Day, Jr.,            *
                                   *
        Appellant,                 *
                                   *
                                   *  Appeal from the United States
    v.                             *  District Court for the
                                   *  Eastern District of Arkansas.
                                   *
Correctional Medical Services;     *
Nnamdi Ifediora; Paul P. Torrez,   *  [UNPUBLISHED]
Regional Administrator, CMS;       *
Charlotte Green, Infirmary Medical *
Administrator, Maximum Security    *
Unit, ADC; Lisa Anderson, R.N.,    *
Maximum Security Unit, ADC;        *
Marian Horn, L.P.N., Maximum       *
Security Unit, ADC; David Knot,    *
Captain, Maximum Security Unit,    *
ADC; David White, Warden,          *
Maximum Security Unit, ADC;        *
Emmitt Johnson, Sgt., Maximum      *
Security Unit, ADC; Michael Odum,  *
Sgt., Maximum Security Unit, ADC,  *
originally sued as "Odum"; Roland  *
Anderson, Dr., CMS; Jim Apel,      *
Major, ADC; Adrian Brown, ADC;     *
Dean, Nurse, CMS; Tommy James,     *
ADC; Leavy, Dr., CMS; Larry May,   *
ADC; Earnest Moore, Lt., ADC,      *
                                   *
        Appellees.                 *

Submitted: June 6, 2008
Filed: June 11, 2008
_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Richard Delon Day, Jr., appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action following an evidentiary hearing. Because Day did not make a jury demand, we review the district court's factual findings for clear error and its conclusions of law de novo. See Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993). Day claimed that Correctional Medical Services (CMS) and several of its employees denied him adequate medical care for his grass allergy and for a finger injury; that several Arkansas Department of Correction officials and employees (ADC defendants) violated his constitutional rights by denying him showers and a sick-call opportunity, denying him job reclassification, and conspiring to give him a disciplinary violation in retaliation for filing grievances; and that CMS breached its contract to provide adequate medical care for inmates.

We agree with the district court that the denial-of-medical-care claims failed. The record showed that on several occasions Day received treatment for his allergy complaints, including allergy medication, antibiotics, and a chest x-ray; and received treatment for his finger, including x-rays, pain medication, stretching exercises, and examinations by several doctors (one of whom spoke with a specialist, who advised

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

against surgery). See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (inmates have no constitutional right to particular course of treatment, and doctors are free to use their own medical judgment); Logan v. Clarke, 119 F.3d 647, 649-50 (8th Cir. 1997) (prison doctors were not deliberately indifferent where they treated prisoner on numerous occasions and offered sensible medication and treatment). Further, Day failed to establish a breach of contract on the part of CMS.

We also agree with the district court that the claims against the ADC defendants failed. Day did not show that the refusal to let him return to the sick-call line after taking a shower amounted to a constitutional violation, when there was no indication why he had been in line for sick-call. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The denial of a shower following contact with grass on one occasion was not of constitutional magnitude, especially as Day had access to a sink, washcloth, towel, and soap, see Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997); and he did not show that he suffered harm from the policy of not allowing inmates on cell restriction to shower until 10:30 p.m., see Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). Day's retaliatory-discipline claim failed because the discipline was attributable to an actual rule violation for refusing to perform his work assignment, which he did not show was beyond his strength, dangerous, or painful, see Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993); Choate, 7 F.3d at 1374; and he did not support his claim that he was denied a change in job classification based on retaliation, see Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872-73 (8th Cir. 2005); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam).

We further agree that alleged failures to process Day's grievances properly did not amount to constitutional violations in themselves, see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam), and the record did not support that such failures resulted in the denial of adequate medical care.

Finally, we find the district court did not abuse its discretion in denying Day an independent medical exam, see Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (standard of review), and we deny the appellate motion for an independent medical exam.

Accordingly, the judgment is affirmed.

_____