# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1503

_____

| | | |
|---|---|---|
| Brenda C. Owens | * | |
| | * | |
| Appellant | * | |
| | * | Appeal from the United States |
| vs. | * | District Court for the Eastern |
| | * | District of Arkansas |
| United States Department | * | |
| of the Army, Pete Green, | * | [UNPUBLISHED] |
| Secretary | * | |
| | * | |
| Appellee | * | |

_____

Submitted: January 14, 2009
Filed: March 2, 2009

_____

Before BYE and GRUENDER, Circuit Judges, and KAYS,[1] District Judge.

_____

PER CURIAM.

Brenda C. Owens sued her former employer, the United States Department of the Army, Pete Green, Secretary (the "Army") alleging gender and age discrimination in violation of the Government Employee Rights Act of 1991, 42 U.S.C. § 2000e-

_____

[1] The Honorable Greg Kays, United States District Judge for the Western District of Missouri, sitting by designation.

16a–16c after her termination. Owens appeals the district court's[2] order granting summary judgment in favor of the Army. This Court has jurisdiction under 28 U.S.C. § 1291 and now affirms.

Owens was hired by Captain James Anderson on April 4, 2005, as a security guard at the Army's Pine Bluff Arsenal ("Arsenal") in Arkansas. Owens' employment was conditioned on the completion of an initial one-year probationary term. As a security guard, Owens was required to be qualified for entry or retention in the Personnel Reliability Program ("PRP"). One of the factors for disqualification from the PRP is "conviction of, or involvement in, a serious incident."

On November 4, 2005, Owens drove from work at the Arsenal to her sister's residence, where a local drug task force was in the process of conducting a search pursuant to a warrant. The officers told Owens that because she had entered the property, her person and vehicle were also subject to search. When searching her vehicle, officers found two guns, a pill bottle containing 23 pills prescribed to someone else, a plastic bag containing a green leafy substance, and eight rounds of ammunition in the trunk. Based on this discovery, the officers issued two misdemeanor citations to Owens for possession of weapons and possession of instruments of a crime.

On November 10, 2005 Captain Anderson placed Owens on non-duty status. Captain Anderson subsequently terminated Owens, effective November 21, 2005, because she was no longer qualified for the PRP based on her citations. Owens was terminated pursuant to 5 C.F.R. § 315.804, governing termination of probationary employees for conduct that occurred during the probationary period.

---

[2] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Owens alleged that she was treated unfairly as compared to a younger, male co-worker, Dustin Torrence, because she was terminated seventeen days after receiving her citations, and Torrence was retained approximately sixty days after his arrest on several felony counts. Torrence was hired as a security guard at the Pine Bluff Arsenal on January 18, 2005, and was required to maintain his qualifications for the PRP program. On May 12, 2005, Torrence was arrested by local police, and was released on bond the next day. Torrence apparently informed Captain Anderson two or three days later that he had been arrested, was being charged, and was going to fight the charges. Based on this information, Anderson placed Torrence on desk duty and prohibited him from carrying his firearm. On June 13, 2005, an information was filed charging Torrence with seven felonies for arson and burglary. Five of the counts occurred before Torrence was employed at the Pine Bluff Arsenal, and two counts occurred after. On June 15, Captain Anderson learned of the charges, and on June 23 he requested that Torrence be removed from his position. Torrence's removal proceeded pursuant to 5 C.F.R. § 315.805, which governs termination of probationary employees for reasons "based in whole or in part on conditions arising before his appointment." On June 29 Torrence was given a Notice of Proposed Removal, and was provided an opportunity to respond. Torrence's employment was terminated effective July 15, 2005.

Owens contends that she established a prima facie case of both gender and age discrimination and that she presented evidence of pretext. She also contends that she presented direct evidence of discrimination on her gender claim. In support of her pretext argument, Owens asserts that she and Torrence were similarly situated in every respect. Owens asserts that the fact that Torrence remained employed for 63 days after informing Captain Anderson of the arrest constitutes direct evidence of discrimination and of pretext. Owens also contends that the District Court's finding that "the criminal information against Torrence charges him with several crimes committed before the Pine Bluff Arsenal appointed him as a security guard on January

18, 2005," is totally erroneous, because two of the counts occurred after his appointment with the Army.

The Army contends that the difference in the regulations governing Owens and Torrence accounted for the difference in their treatment. The Army argues that Torrence's entitlement to respond to the Notice of Proposed Removal resulted in his termination taking slightly longer than Owens' termination. The Army also contends that the "same actor" inference applies in this case: because the same supervisor both hired and fired Owens over a relatively short period of time, the Army is entitled to an inference that his actions were not based on discriminatory criteria.

The Court reviews a grant of summary judgment *de novo*, applies the same standard as the district court, and may affirm on any grounds supported by the record. *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005) (citing *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997)). Summary judgment is appropriate where the record shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Bass*, 418 F.3d at 872 (citing *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 834 (8th Cir. 2002)).

Despite her assertion to the contrary, Owens did not present any direct evidence of discrimination. "Direct evidence for these purposes includes evidence of 'remarks of the employer that reflect a discriminatory attitude,' as well as 'comments which demonstrate a discriminatory animus in the decisional process or those uttered by individuals closely involved in employment decisions.'" *Roberts v. Park Nicollet Health Servs.*, 528 F.3d 1123, 1128 (8th Cir. 2008) (quoting *EEOC v. Liberal R-II Sch. Dist.*, 314 F.3d 920, 923 (8th Cir. 2002); *accord Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1034 (8th Cir. 2007) (holding that "'direct evidence is evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate

criterion actually motivated the adverse employment action'") (quoting *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004)).

Because Owens has offered no evidence that Captain Anderson, or anyone else at the Pine Bluff Arsenal, engaged in any conduct that could be considered direct evidence of discrimination, she must create "an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007) (citing *Russell v. City of Kan. City*, 414 F.3d 863, 866-67 (8th Cir. 2005) (internal quotation marks omitted)). Under that familiar formula, Owens must first present a prima facie case of intentional discrimination. If she can do so, the burden shifts to the Army to articulate a legitimate, nondiscriminatory reason for its action. If the Army meets that minimal burden, Owens must show that the proffered nondiscriminatory reason is merely a pretext for unlawful discrimination. *Putman v. Unity Health Sys.*, 348 F.3d 732, 735 (8th Cir. 2003).

Owens may establish a prima facie case of gender or age discrimination by showing that she (1) is within the protected class, (2) was qualified to perform her job, (3) suffered an adverse employment action, and (4) has facts that give rise to an inference of discrimination. *McGinnis*, 496 F.3d at 874 (establishing factors for gender discrimination) (citing *Holland v. Sam's Club*, 487 F.3d 641, 644 (8th Cir. 2007)); *Riley v. Lance, Inc.*, 518 F.3d 996, 1000 (8th Cir. 2008) (establishing factors for age discrimination) (citing *Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC*, 471 F.3d 843, 846 (8th Cir. 2006)). Like the district court, we will presume that Owens was able to establish a prima facie case on both her claims. The Army proffered a legitimate non-discriminatory reason for terminating Owens: that she received misdemeanor citations that made her ineligible for her position as a security guard. Owens does not dispute the Army's reason for her termination, but contends

that the Army discriminated against her by allowing Torrence to stay on the payroll for a longer period of time.

Owens contends that she has established pretext by showing that Torrence was more leniently treated for the same conduct. Owens "can prove pretext by showing the employer meted out more lenient treatment to similarly situated employees who were not in the protected class." *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 835 (8th Cir. 2002) (citing *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994)). Owens has the burden, however, to prove that "the compared employees were similarly situated in all relevant respects." *Smith*, 302 F.3d at 835 (citing *Harvey*, 38 F.3d at 972). "At the pretextual stage of the analysis, 'the test for determining whether employees are similarly situated to a plaintiff is a rigorous one.'" *Johnson v. Univ. of Iowa*, 431 F.3d 325, 330 (8th Cir. 2005) (citing *Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 853 (8th Cir. 2005)).

Here, the Code of Federal Regulations, as opposed to Captain Anderson, dictated that Owens and Torrence be treated differently based on the fact that *some* of Torrence's misconduct had occurred pre-employment and *all* of Owens' misconduct occurred post-employment. Owens' termination was governed by 5 C.F.R. § 315.804, which provides:

> when an agency decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment, it shall terminate his services by notifying him in writing as to why he is being separated and the effective date of the action. The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct.

In Owens' case, the misdemeanor citations resulted in her failing "to demonstrate [her] fitness or [her] qualifications for continued employment." The regulation governing Torrence's dismissal, on the other hand, provides:

> when an agency proposes to terminate an employee serving a probationary or trial period for reasons based in whole or in part on conditions arising before his appointment, the employee is entitled to the following:
>
> (a) Notice of proposed adverse action. The employee is entitled to an advance written notice stating the reasons, specifically and in detail, for the proposed action.
>
> (b) Employee's answer. The employee is entitled to a reasonable time for filing a written answer to the notice of proposed adverse action and for furnishing affidavits in support of his answer. If the employee answers, the agency shall consider the answer in reaching its decision.
>
> (c) Notice of adverse decision. The employee is entitled to be notified of the agency's decision at the earliest practicable date. The agency shall deliver the decision to the employee at or before the time the action will be made effective. The notice shall be in writing, inform the employee of the reasons for the action, inform the employee of his right of appeal to the Merit Systems Protection Board (MSPB), and inform him of the time limit within which the appeal must be submitted as provided in § 315.806(d).

5 C.F.R. § 315.805. The Army waited until Torrence had actually been charged (not arrested) to initiate termination proceedings. There is simply no evidence that this decision was motivated by discriminatory animus. Owens' contention that by

following the applicable regulations the Army engaged in age or gender discrimination is not credible.

Moreover, the Army correctly contends that because Captain Anderson both hired and fired Owens, an inference arises that his decision was not motivated by discriminatory animus. *Peterson v. Scott County*, 406 F.3d 515, 522 (8th Cir. 2005) ("This court has previously observed that it is not likely that a supervisor would hire an older woman and then discriminate against her on the basis of her age and gender.") (citation omitted); *Herr v. Airborne Freight Corp.*, 130 F.3d 359, 362-63 (8th Cir. 1997) ("There is a strong inference that discrimination was not a motivating factor if the same person hired and fired the plaintiff within a relatively short period of time.") (citing *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328,1337 (8th Cir. 1996); *Lowe v. J.B. Hunt Transp., Inc.*, 963 F.2d 173, 174-75 (8th Cir. 1992)).

The judgment of the district court is affirmed.

_____