# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2713

_____

Tommy Eugene Reed,                *

                                *

        Appellant,         *

                                *

    v.                        *

                                *

City of St. Charles, Missouri; City of  *
St. Charles Police Department;    *
Patricia York, individually and in her  *
official capacity as Mayor of the    *
City of St. Charles, MO; Timothy    *
Swope, individually and in his     *
official capacity as Chief of Police of  *
the City of St. Charles, MO; Pat     *  Appeal from the United States
McCarrick, individually and in his    *  District Court for the
official capacity as Field Operations -  *  Eastern District of Missouri.
Commander of the St. Charles, MO,    *
Police Department; Richard X.      *
Fischer, individually and in his     *
official capacity as a police officer for  *
the City of St. Charles, MO; Debra    *
Hymes, individually and in her     *
official capacity as a police officer for  *
the City of St. Charles, MO; William  *
Witterholt, individually and in his    *
official capacity as a police officer for  *
the City of St. Charles, MO; James    *
Schweppe, individually and in his    *
official capacity as a police officer for  *
the City of St. Charles, MO,       *

                                *

        Appellees.       *

Submitted: September 26, 2008
Filed: April 6, 2009
_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.
_____

BOWMAN, Circuit Judge.

Tommy Eugene Reed appeals from an adverse grant of summary judgment by the District Court[1] in this civil rights action brought under 42 U.S.C. § 1983 against Officers Richard Fischer, James Schweppe, and William Witterholt (collectively, the Officers); the City of St. Charles, Missouri; the St. Charles Police Department; Mayor Patricia York; Police Chief Timothy Swope; and Field Operations Commander Pat McCarrick. We affirm.

On May 9, 2003, Officers Fischer, Witterholt, and Schweppe responded to an emergency call reporting a domestic disturbance in progress at the residence of Patricia Edgar. When the Officers arrived at the scene, they found Reed in the backyard of the residence, straddling and beating Edgar. According to the Officers' testimony, when they announced their presence, Reed jumped up, fled Edgar's property, and hid beneath a bush in a nearby yard. Fischer testified that he observed a silver object in Reed's hands as he fled and was concerned that the object may have been a gun. Reed testified that he was not hiding from the Officers; he was merely waiting for the Officers to find and arrest him. The Officers testified that when they eventually located Reed and attempted to arrest him, Reed refused to come out from beneath the bush and lie on his stomach with his arms behind his back. Instead, Reed remained under the bush with his hands hidden beneath his midsection. Reed testified

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

that once the Officers found him, he cooperated fully by lying face down with his hands behind his back. The Officers testified that due to Reed's refusal to cooperate, they were forced to drag him from beneath the bush, administer a number of baton strikes to Reed's upper left thigh in an effort to get him to show his hands, and finally spray mace in Reed's face, at which point Reed presented his hands for handcuffing. After he was handcuffed, Reed refused to walk to the police vehicle and was instead carried by his arms, feet dragging, to the vehicle. As for the silver object observed by Officer Fischer, a pair of handcuffs was found near the bush and a screwdriver was found in Reed's pants pocket. Reed testified that although he cooperated with the Officers, they kicked him repeatedly and sprayed mace in his face after he was handcuffed and that one of the Officers struck him in the head with a metal flashlight, causing him to lose consciousness. At the police station, Reed complained of leg and chest pain, requested medical attention, was transported to a nearby hospital, and, after an assessment by an emergency-room physician, was deemed fit for confinement.

On June 16, 2004, Reed filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that the Officers used excessive force in arresting him and that the City, the Police Department, the Mayor, the Police Chief, and the Field Operations Commander (collectively, the City) failed to train and supervise the Officers and knowingly allowed a policy or custom of widespread use of excessive force by police officers. After reviewing the parties' divergent accounts of the circumstances surrounding Reed's arrest, the District Court granted summary judgment in favor of the Officers, concluding that Reed's allegations of excessive force—which were based solely on Reed's own deposition testimony—raised no genuine issues of material fact and that the Officers were entitled to qualified immunity. The court also concluded that because Reed's underlying claims against the Officers failed, his claims against the City could not succeed and the City was entitled to summary judgment.

On appeal, Reed argues that the District Court erred in finding no genuine issues of material fact and concluding that the Officers and the City were entitled to

summary judgment. We review a district court's grant of summary judgment de novo, viewing the facts and all reasonable inferences in the light most favorable to the non-moving party. Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872 (8th Cir. 2005). We will affirm if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Fed. R. Civ. P. 56(c)). If "opposing parties tell two different stories," the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the non-moving party—as long as those facts are not so "blatantly contradicted by the record . . . that no reasonable jury could believe" them. Id. "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor," Bass, 418 F.3d at 872–73, without resort to "speculation, conjecture, or fantasy," Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quotation marks and citation omitted). In sum, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

As the District Court recognized in its Order, there are numerous issues of fact disputed in this case. Among these issues are (1) whether Reed was hiding from or simply waiting for the Officers after he initially fled the scene of the domestic disturbance, (2) whether Reed cooperated with the Officers and obeyed their orders to lie face down and show his hands, (3) whether Reed was struck in the head with a flashlight and momentarily knocked unconscious by the Officers after he was handcuffed, and (4) whether Reed was otherwise physically assaulted by the Officers after he was handcuffed. Our inquiry on appeal focuses on whether the District Court erred in concluding, upon consideration of the record as a whole, that there were no *genuine* issues of material fact—that is, whether, after considering the evidence and

drawing all reasonable inferences therefrom in Reed's favor, no reasonable jury could have returned a verdict for Reed.

The District Court found nothing in the record to support Reed's allegations other than Reed's own contradictory testimony. By contrast, evidence submitted by the Officers and the City, including a medical assessment conducted by an emergency-room physician shortly after Reed's arrest, the deposition testimony of the Officers, and a contemporaneous incident report prepared by Fischer and Witterholt, provided "overwhelming evidence" to refute Reed's version of the events in question. Mem. & Order of June 6, 2007, at 9. The court found that Reed's claim that he was struck in the head with a metal flashlight and rendered unconscious was directly discredited by the medical records showing that Reed was examined by a physician shortly after his arrest and was deemed fit for confinement. In addition, the District Court specifically noted that on June 25, 2004, Reed, who was represented by an attorney, pleaded guilty to five state felony charges—including resisting arrest—in connection with the underlying domestic disturbance. At no time during his guilty plea or sentencing on those felony charges did Reed raise allegations of mistreatment by the Officers effecting his arrest. As explained by the District Court, Reed's guilty plea under oath "to the felony charge of resisting arrest supports [the Officers'] assertions and is inconsistent with the statements made by [Reed] in his deposition" in connection with this § 1983 lawsuit. Id. at 10 n.7.

Although a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to "accept unreasonable inferences or sheer speculation as fact." Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir.), cert. denied, 543 U.S. 956 (2004); see Scott, 550 U.S. at 380. We agree with the District Court that given the circumstances presented in this case, no reasonable jury could have credited Reed's version of events. Because the evidence Reed offers amounts to "[m]ere allegations, unsupported by specific facts or evidence beyond [Reed]'s own conclusions, [he cannot] withstand a

motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007). The court did not err in concluding that Reed failed to carry his burden to proffer sufficient evidence to permit a finding in his favor on more than "mere speculation, conjecture, or fantasy." Moody, 23 F.3d at 1412 (quotation marks and citation omitted).

Reed's claims that the City provided inadequate training to its police officers and had a policy or custom of permitting officer misconduct derives from Reed's allegation that the Officers used excessive force in arresting him. Because Reed's claims against the City are predicated on his unsuccessful claims against the Officers, his claims against the City must similarly fail. See id.

We affirm the judgment of the District Court in all respects.

_____