# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3324

_____

Donald Brown,

        Appellant,

    v.

Kansas City Freightliner Sales,
Inc., doing business as Joplin
Freightliner Sales; Westfall-
O'Dell Motors, Inc., doing business
as Westfall-O'Dell Transportation
Specialist,

        Appellees.

Appeal from the United States
District Court for the Western
District of Missouri.

_____

Submitted: June 16, 2010
Filed: August 19, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Donald Brown appeals the district court's[1] grant of summary judgment in favor of his employer, Kansas City Freightliner Sales (KCF), in his failure-to-reinstate and

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

wrongful termination claims under the Family and Medical Leave Act (FMLA). We affirm the district court.

## I.    BACKGROUND

Brown worked as a service technician for KCF from April 2000 to October 2007. In both June and August 2007, Brown injured his back at work. After the June incident, Brown completed an injury incident form, visited the occupational doctor, and was released to work that same day with no restrictions. The record indicates that Brown's injury at that time was a lumbar sprain or strain. After the August injury, Brown again submitted a written injury report, and the injury was diagnosed as a lumbar strain. He was prescribed medication and was released back to work immediately, but with certain activity restrictions. He followed up with doctor visits and on September 21, 2007, he was released with no restrictions to "work as tolerated."

On Wednesday, September 26, Brown verbally reported to his supervisor that he had hurt his back again and that he wanted to go home. He did not submit a written injury report and refused medical treatment. Brown left work for the day after this verbal report and was then absent from work Thursday, Friday, Monday and Tuesday, September 27 through October 2, 2007. On each of these days, either Brown or his wife called him in sick but provided no other information. Brown did not seek medical treatment during this time. Instead, Brown testified that he was able to manage his pain with medications leftover from the previous injury.

Prior to the Wednesday, September 26 incident, Brown had already used up all of his authorized sick and vacation leave. When Brown returned to work on October 3, 2007, his employment was terminated. Subsequently, Brown had several medical

appointments in October and November 2007, at which time he was eventually[2] diagnosed with degenerating and protruding cervical discs. The medical evidence from those visits indicates that Brown had an injury to his cervical spine, including numbness and tingling in his upper extremities. On April 25, 2008, he underwent surgery in the C4 through C7 cervical spine region. Brown's medical records from October 12, 2007, though the date of surgery in April 2008 do not reference an injury or accident occurring from September 26 through October 2, nor do they mention a previous lumbar injury, other than in the general patient history section.[3]

Brown sued KCF for failure to reinstate and wrongful discharge in violation of the FMLA. Upon competing motions for summary judgment, the district court granted summary judgment in favor of KCF, finding that Brown did not suffer from a "serious health condition" as defined by the FMLA and that he failed to give adequate notice to KCF that he was suffering from a serious health condition. On appeal, Brown argues that the district court erred in granting summary judgment for KCF and also erred in not granting summary judgment in his favor.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, giving Brown the benefit of all reasonable inferences. Reed v. City of St. Charles, 561 F.3d

---

[2]Evidently in an attempt to discover the cause of left arm numbness, Brown underwent a number of diagnostic tests, including a chest x-ray, carotid ultrasonography, an echocardiogram, a CT scan of his brain, and finally, an MRI of his cervical spine.

[3]On a "Spine Pain Questionnaire" filled out by Brown in January 2008, Brown indicates that his current injury began at work, but does not specify when or how.

788, 790 (8th Cir. 2009). In order for Brown to be entitled to FMLA[4] leave, he must show that he experienced a "serious health condition" during the absence period at issue. Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005). Further, Brown must show that he gave KCF adequate notice that he was seeking FMLA leave during the disputed time period. Id. Absent the required notice, the employer's duty to provide FMLA leave[5] is not triggered. Kobus v. Coll. of St. Scholastica, Inc., 608 F.3d 1034, 1036-37 (8th Cir. 2010). Because it is dispositive, we consider the second requirement first.

The district court found that Brown failed to give KCF adequate (or any) notice that he was seeking FMLA leave for the September 27 through October 2 absence, rather than simply taking sick leave. In Scobey v. Nucor Steel-Arkansas, 580 F.3d 781 (8th Cir. 2009), we reiterated our rigorous notice standard for employees seeking to use FMLA leave for absences. "'Employees . . . have an affirmative duty to indicate both the need and the reason for the leave, and must let employers know when they anticipate returning to their position.'" Id. at 786 (quoting Woods, 409 F.3d at 990-91). The Scobey court noted that the adequacy of notice depends upon the facts of each case, and found that the employee's notice was lacking, even though the employee had been in contact with his employer on several occasions during his absence. Id. at 787-88. Indeed, the Scobey employee had called his employer various times during his several-day work absence, but told his employer, while intoxicated, that he was having a nervous breakdown. Id. at 783-84. Although this employee was

---

[4]It is apparently undisputed that in September 2007, Brown had worked the qualifying number of months to be eligible for FMLA leave, and that KCF is an "employer" as defined by the FMLA.

[5]"Under the act, an eligible employee is entitled to up to twelve weeks of unpaid leave during a twelve-month period '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" Rask v. Fresenius Med. Care N. Am., 509 F.3d 466, 471 (8th Cir. 2007) (quoting 29 U.S.C. § 2612(a)(1)(D)).

in contact with his employer, his failure to provide the employer with a reason to differentiate the absence from ordinary sick days, or even possibly malingering, proved fatal to his FMLA claim. Id. at 789-90.

Arguably, the facts in Scobey are more compelling on the notice issue than in this case. Brown apparently became injured on September 26 while at work, and therefore had ample opportunity to inform his employer that his condition was more serious than the previous back injuries, which had involved little, if any, time off from work. He did not fill out a written injury report, despite having done so previously. When asked whether he needed medical attention before he left work, Brown stated that he did not. When he called in sick the next four work days, he offered no other information than that he was sick and would not be coming to work.

We acknowledge that Brown had two previous, documented back injuries, and subsequent to his September 27 to October 2 absence, went to several doctor appointments. However, there is a disconnect between the prior back injuries–which were in the lumbar region–and the subsequent back condition in the cervical spine area. There is no evidence in the record that there was any connection between the lumbar and cervical impairments. Indeed, Brown's physicians did not seem to connect the prior and latter injuries, as various diagnostic tests were run to discover the source of Brown's extremity numbness. In light of this lack of connection, KCF did not have notice of Brown's cervical distress (knowledge of which only began with his doctor appointments in October and November 2007 and culminated with surgery in April 2008) now purportedly connected to the earlier lumbar injury. At the time of his absences in late September and early October 2007, KCF only knew that Brown had recently suffered a lumbar injury that had necessitated receipt of medical attention and the taking of minimal time off work. KCF was not informed of a cervical problem that would ultimately lead to Brown's surgery. And, even if there was a connection between the two injuries, the information Brown gave to KCF from September 26 through October 2, 2007, did not apprise KCF of his reason or need for FMLA leave.

See id. at 786. Accordingly, Brown's FMLA notice was inadequate, KCF's FMLA duties were not triggered, and the district court's grant of summary judgment was appropriate.

## III. CONCLUSION

We affirm the district court.

_____