# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2084

_____

| | | |
|---|---|---|
| Paul Leslie Emerson, on behalf of G.A.E. and K.D.E., | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Constance Louise Cleveland; Marlene Sorum; Cynthia Kessler; Burch Burdick; Forrest Ammerman; and Laurie Kramer, | * * * * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: November 7, 2011
Filed: November 10, 2011

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Paul Leslie Emerson, on behalf of his minor children, appeals the district court's[1] adverse grants of motions to dismiss and for summary judgment, in this civil rights action. Having carefully reviewed the record and Emerson's arguments for reversal, we find no basis for overturning the district court's well-reasoned decisions

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

to grant summary judgment to certain defendants, <u>see</u> <u>Reed v. City of St. Charles, Mo.</u>, 561 F.3d 788, 790-91 (8th Cir. 2009) (standard of review); or to dismiss the claims against other defendants for failure to state a claim, <u>see</u> <u>McAdams v. McCord</u>, 584 F.3d 1111, 1113 (8th Cir. 2009) (standard of review); <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints must be liberally construed, but must allege sufficient facts to support claims advanced).  We also find no abuse of discretion in the district court's denial of reconsideration, whether Emerson brought his motion under Federal Rule of Civil Procedure 60(b), <u>see</u> <u>Brooks v. Ferguson-Florissant Sch. Dist.</u>, 113 F.3d 903, 905 (8th Cir. 1997), or under Federal Rule of Civil Procedure 59(e), <u>see</u> <u>Perkins v. U.S. West Commc'ns</u>, 138 F.3d 336, 340 (8th Cir. 1998); or in the court's denial of leave to "rejoin" certain defendants dismissed early in the case, <u>see</u> <u>Hammer v. City of Osage Beach, Mo.</u>, 318 F.3d 832, 844 (8th Cir. 2003) (discussing circumstances where leave to amend should be denied). The district court is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____