# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2107

_____

Jay Willis Abbott, I

*Plaintiff - Appellant*

v.

Matthew W. Oller, Task Force Officer; Robert Davis, Sheriff, Montgomery County; Charles Meador, Deputy, Montgomery County Sheriff's Department; Michael S. Goveia, Deputy, Montgomery County Sheriff's Department; Victor Wiser, Deputy and Court Bailiff, Montgomery County Sheriff's Department; Kelly C. Broniec, Associate Circuit Judge, Ex-Prosecuting Attorney; Roy L. Richter, Judge, Missouri Court of Appeals; Keith M. Sutherland, Judge, Montgomery County Courthouse; Christina McKee, Probation and Parole Officer, Missouri; David Wren, Probation and Parole Officer, Missouri

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Hannibal

_____

Submitted: January 31, 2013
Filed: February 4, 2013
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jay Abbott appeals the district court's[1] adverse judgment in his 42 U.S.C. § 1983 action arising from a search of his mother's residence and his subsequent arrest, prosecution, and probation-revocation proceedings. On de novo review, we agree with the district court that Abbott failed to state a claim upon which relief could be granted against the defendant sheriff's deputies, see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (Fed. R. Civ. P. 12(b)(6) standard); and that his claims against the defendant judges, probation officers, and prosecutor were barred by absolute immunity, see Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judges); Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996) (probation officers); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutors). Also on de novo review, see McBurney v. Stew Hansen's Dodge City, Inc., 398 F.3d 998, 1001 (8th Cir. 2005) (summary judgment standard), we agree that Abbott did not identify any facts creating a triable issue as to the search of his mother's house pursuant to her co-owner daughter's valid consent, see King v. Fletcher, 319 F.3d 345, 348 (8th Cir. 2003) (Fourth Amendment protection against unreasonable searches does not apply if property owner voluntarily consents to search); or as to his arrest, see Baribeau v. City of Minneapolis, 596 F.3d 465, 474 (8th Cir. 2010) (per curiam) (whether probable cause exists depends upon reasonable conclusion to be drawn from facts known to arresting officer at time of arrest), the personal involvement of the defendant sheriff, see Ripson v. Alles, 21 F.3d 805, 808-09 (8th Cir. 1994) (§ 1983 liability requires personal or direct involvement in alleged constitutional violation), or the post-arrest conduct of the defendant arresting officer, see Reed v. City of St. Charles, Mo., 561 F.3d 788, 790-91 (8th Cir. 2009) (non-moving party may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit finding in his favor on more than speculation or conjecture). Accordingly, we affirm. See 8th Cir. R. 47B.

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.