# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1811

_____

Jovanna N. Snider-Carpenter; Bethany Thompson; J. T., a minor

*Plaintiffs - Appellants*

v.

City of Dixon, Missouri; Cliffty Yoakum; Sabrina Sinclair; Ronald Mayo; Janet
Mayo; A. Johnson; Dixon Realty Leasing Co., Inc., a Missouri Corporation

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 14, 2012
Filed: April 3, 2013
[Unpublished]

_____

Before SMITH, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

JoVanna Snider-Carpenter, Bethany Thompson, and J.T., through her mother,
Thompson, (collectively, "plaintiffs") brought suit against the City of Dixon,
Missouri; City Marshal Cliffty Yoakum, in his official and individual capacity; City
of Dixon Police Officer Sabrina Sinclair, in her official and individual capacity; City

of Dixon Police Officer Andy Johnson, in his official capacity only; landlords Ronald and Janet Mayo, and Dixon Realty Leasing Co, Inc. ("Dixon Realty").[1] The plaintiffs sued the defendants under § 1983 for constitutional-rights violations and for violation of their rights under the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.

Count I of the plaintiffs' first amended complaint alleged that the "[d]efendants . . . violated [Snider-Carpenter's] [c]onstitutional [r]ight under the *Fourth Amendment* to quiet enjoyment of her property and/or equal protection/due process of the laws." Count II alleged that the "[d]efendants . . . violated [Thompson's and J.T.'s] [c]onstitutional [r]ight to quiet enjoyment of [their] property and/or equal protection of the laws." Count III alleged that the defendants violated Snider-Carpenter's, Thompson's, and J.T.'s rights under the FHA.

The plaintiffs appeal from the district court's order purportedly dismissing *all* of their claims and its order granting the defendants' motion for sanctions. But we conclude that the FHA claim against the Mayo Defendants remains; therefore, we lack a final, appealable order. *See* Fed. R. Civ. P. 54(b) (providing any order that adjudicates fewer than all claims does not end an action as to any claims or parties).

Only the Dixon Defendants moved for summary judgment on *all* counts. The Mayo Defendants *did not* move for summary judgment. The plaintiffs moved "for summary judgment and/or orders pursuant to this Court's equitable powers over matters brought pursuant to 42 U.S.C. § 1983 *or the specific grant of power pursuant to the Fair Housing Act*." (Emphasis added.)

---

[1]We hereinafter refer to City of Dixon, Missouri; City Marshal Yoakum; Officer Sinclair; and Officer Johnson collectively as "Dixon Defendants." We hereinafter refer to the Mayos and Dixon Realty as "Mayo Defendants." We hereinafter refer to the Dixon Defendants and the Mayo Defendants collectively as "defendants."

The introductory paragraph of the district court's order ruling on these motions provides:

> Before the Court is Plaintiffs' Motion for Partial Summary Judgment (Doc. 105) and Dixon Defendants' Motion for Summary Judgment (Doc. 110). After careful consideration, this Court GRANTS Dixon Defendants' motion and DENIES Plaintiffs' motion. Furthermore, this Court *dismisses any constitutional claims Plaintiffs may have brought against the Mayo Defendants* sua sponte.

(Emphasis added.) Thus, the district court granted summary judgment to the Dixon Defendants on *all claims*. But it only sua sponte dismissed the "constitutional claims" against the Mayo Defendants, *not the FHA claim*.

The concluding paragraph of the order reinforces the district court's introductory paragraph, stating:

> The long and short of it is that though Plaintiffs may very well have state law claims against the Mayos, such claims do not constitute violations of their federal constitutional rights. Moreover, any mistake Yoakum or Sinclair may have made when performing their duties was merely a mistake or, at most, a negligent action and, thus, does not constitute an action that was "plainly incompetent" or a "knowing violation of the law." For these reasons and the reasons set forth above, this Court GRANTS Dixon Defendants' motion for summary judgment and DENIES Plaintiffs' motion for partial summary judgment. *This Court further dismisses any constitutional claims Plaintiffs may have brought against the Mayo Defendants* sua sponte. All said dismissals are WITH PREJUDICE.

(Emphasis added.)

Again, the district court indicated that it was granting summary judgment to the Dixon Defendants on all claims but only sua sponte dismissing the "constitutional claims" against the Mayo Defendants. It did not sua sponte dismiss the FHA claim against the Mayo Defendants.

Prior to its conclusion, the district court included a terse paragraph discussing the FHA claim, which provides:

> Plaintiffs also bring a claim for relief under the Fair Housing Act. The Fair Housing Act makes it unlawful to refuse to rent or sell a dwelling to any person because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(a). It is undisputed that, according to Thompson, Ron Mayo offered Thompson $100,000.00 and a bank account for her daughter. However, Plaintiffs set forth no evidence that these sexual advances resulted in the Mayos refusing to rent her an apartment. In fact, as stated above, the Thompsons moved out of their apartment on their own. Moreover, Plaintiffs have set forth no evidence that Snider-Carpenter was the victim of any type of discrimination and that discrimination was, in fact, the reason that she was allegedly forced to leave her apartment. *For these reasons, summary judgment can be granted in favor of Defendants on this claim.*

(Emphasis added.)

This paragraph does not evince a clear intent by the district court to render judgment in the Mayo Defendants' favor on the FHA claim. The district court stated that it was granting summary judgment to the "Defendants"—which would include not only the Dixon Defendants but also the Mayo Defendants. But three factors lead to the conclusion that the district court was not granting summary judgment in the Mayo Defendants' favor on the FHA claim. First, the district court referred to the "undisputed" fact that "Ron Mayo offered Thompson $100,000.00 and a bank account for her daughter." But this "fact" was only "undisputed" as between the Dixon

-4-

Defendants and the plaintiffs, as indicated in the Dixon Defendants' statement of material facts in support of their motion for summary judgment and the plaintiffs' statement of material facts in opposition to the motion. The Mayo Defendants never moved for summary judgment; therefore, as between the Mayo Defendants and the plaintiffs, this fact remains disputed.

Second, the district court did not address whether the plaintiffs provided supporting evidence for the *other* allegations related to their FHA claim against the Mayo Defendants. *See* Fed. R. Civ. P. 56(c). Specifically, the court did not discuss ¶¶ 33–35 and 37–39 of the plaintiffs' amended complaint concerning Ronald Mayo's alleged conduct toward the plaintiffs. Nor did the court determine whether genuine issues of material fact exist as to these allegations or whether these allegations stated a claim under the FHA. *See Quigley v. Winter*, 598 F.3d 938, 946–49 (8th Cir. 2010) (examining claims of hostile housing environment created by sexual harassment; "quid pro quo" sexual harassment; coercion, intimidation, and interference; and discriminatory housing practices under the FHA).

Third, the district court stated that it was granting "summary judgment" on the FHA claim, as opposed to sua sponte dismissing it. The Dixon Defendants are the only defendants that moved for summary judgment. By contrast, in resolving the plaintiffs' constitutional claims in favor of the Mayo Defendants, the court indicated that it was sua sponte dismissing such claims.

Thus, we conclude that, read in its entirety, the district court's discussion of the plaintiffs' FHA claim indicates that the court was not sua sponte dismissing the FHA claim against the Mayo Defendants. The paragraph is not clear and, when read in harmony with the introductory and concluding paragraphs of the district court's order, leaves some questions unresolved.

The district court's order did not end the litigation on the merits because the FHA claim against the Mayo Defendants remains. *See* Fed. R. Civ. P. 54(b). Furthermore, the district court's amended judgment purporting to dismiss all claims against the Mayo Defendants is inconsistent with its order. The district court entered its first judgment on March 16, 2012, and its amended judgment on March 19, 2012. The first judgment is consistent with the order's introductory and concluding paragraphs, providing:

> After careful consideration, Dixon Defendants' Motion for Summary Judgment (Doc. 110) was GRANTED and Plaintiffs' Motion for Partial Summary Judgment (Doc. 105) was DENIED. The Court further dismissed *any constitutional claims* Plaintiffs may have brought against the Mayo Defendants sua sponte. All said dismissals are WITH PREJUDICE.

(Emphasis added.)

But the amended judgment, inconsistent with the introductory and conclusory paragraphs of the district court's order, provides:

> After careful consideration, Dixon Defendants' Motion for Summary Judgment (Doc. 110) was GRANTED and Plaintiffs' Motion for Partial Summary Judgment (Doc. 105) was DENIED. The Court further dismissed *any claims* Plaintiffs may have brought against the Mayo Defendants sua sponte. All said dismissals are WITH PREJUDICE.

(Emphasis added.)

The district court's amended judgment "purporting to render judgment for [the Mayo Defendants on all claims] is inconsistent with the [district court's order], which did not resolve all claims between the parties." *See United States v. Tri-State Grp., Inc.*, No. 07-3525, 2009 WL 323127, at *1 (6th Cir. Feb. 11, 2009) (unpublished per

curiam). The FHA claim against the Mayo Defendants remains pending. *See Hunt v. Hopkins*, 266 F.3d 934, 936 (8th Cir. 2001) (explaining that "[a] district court decision is not final, and thus not appealable," where "there is no clear and unequivocal manifestation by the district court that the case [is] finished"). Therefore, we must dismiss the appeal for lack of jurisdiction. *See* 28 U.S.C. § 1291 (stating that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts"); Fed. R. Civ. P. 54(b). We dismiss the appeal and remand the matter to the district court so that it may specifically address the plaintiffs' FHA claim against the Mayo Defendants or otherwise hold further proceedings consistent with this opinion.

_____