# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3367
_____

Earl William Freeman

*Plaintiff - Appellant*

v.

Chris Chiprez; Kevin Glendening; City of Burlington, Iowa; Des Moines County
Iowa, also known as Des Moines Co Iowa

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 2, 2014
Filed: September 30, 2014
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Earl William Freeman appeals the district court's[1] adverse grant of summary
judgment on his 42 U.S.C. § 1983 complaint. After careful de novo review, *see Reed
v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009), this court affirms.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court
for the Southern District of Iowa.

Summary judgment was appropriate on Freeman's excessive-force claim against officer Chris Chiprez and deputy sheriff Kevin Glendening, based on qualified immunity. *See Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012) (official is entitled to qualified immunity, unless evidence viewed in light most favorable to plaintiff establishes violation of constitutional or statutory right, and right was clearly established at time of violation). Viewing the evidence in the light most favorable to Freeman, he did not create a genuine issue of material fact on this claim, because a reasonable officer at the scene could reasonably believe the officers were at serious risk of physical harm immediately before Chiprez and Glendening used force against Freeman. *See* Fed. R. Civ. P. 56(a); *Graham v. Connor*, 490 U.S. 386, 394-97 (1989) (excessive force is analyzed under Fourth Amendment objective reasonableness test, judged from perspective of reasonable officer on scene); *Loch*, 689 F.3d at 965-67 (affirming grant of summary judgment because, even if plaintiff's motives were innocent, reasonable officer on scene could have interpreted plaintiff's actions as resistance, and action taken based on mistaken perception or belief, if objectively reasonable, does not violate Fourth Amendment); *Nance v. Sammis*, 586 F.3d 604, 610 (8th Cir. 2009) (use of deadly force is reasonable if officer has probable cause to believe suspect poses threat of serious physical harm to officer or others).

Chiprez was entitled to qualified immunity on Freeman's unreasonable-search claim, because the warrantless use of a global positioning system (GPS) device to track Freeman's movements in March 2010 did not violate clearly established law at the time. *See United States v. Marquez*, 605 F.3d 604, 610 (8th Cir. 2010); *Davis v. Hall*, 375 F.3d 703, 711-12 (8th Cir. 2004) (summary judgment based on qualified immunity is appropriate if official's actions, even if unlawful, were objectively reasonable in light of clearly established law at time; officials are not liable for bad guesses in gray areas, they are liable for transgressing bright lines).

Freeman failed to produce sufficient evidence of municipal liability on his claims against the City and the County, and summary judgment was appropriate. *See Moore v. City of Desloge*, 647 F.3d 841, 849 (8th Cir. 2011) (municipal liability for

failure to train or supervise attaches only if individual liability is found on underlying claim); *Mettler v. Whitledge*, 165 F.3d 1197, 1205 (8th Cir. 1999) (unless plaintiff presents detailed evidence of municipality's failure to investigate or correct officer's alleged misconduct, mere existence of previous complaints does not suffice to show municipal custom of permitting or encouraging excessive force).

The judgment is affirmed.

_____