# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2114
_____

Jovanna N. Snider-Carpenter; Bethany Thompson; J.T., a minor; Loretta G. Rouse,
in substitution of J.T.

*Plaintiffs - Appellants*

v.

City of Dixon, Missouri; Cliffty Yoakum; Sabrina Sinclair

*Defendants - Appellees*

Ronald Mayo; Janet Mayo

*Defendants*

A. Johnson

*Defendant - Appellee*

Dixon Realty Leasing Co., Inc., a Missouri Corporation

*Defendant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jovanna Snider-Carpenter, Bethany Thompson, and her daughter, J.T., (collectively, "Appellants") appeal the district court's[1] decision to grant summary judgment in this 42 U.S.C. § 1983 action. The district court ruled in favor of the City of Dixon, Missouri, and its employees—Dixon Marshal Cliffty Yoakum and Dixon Police Officers Sabrina Sinclair and Andy Johnson—in their official and individual capacities. The Appellants brought this case when they were forced to vacate their homes by their landlords Ronald and Janet Mayo with the help of Dixon police officers. We affirm.

We view the facts in the light most favorable to the Appellants as the nonmoving parties. *See Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790 (8th Cir. 2009). The Appellants were week-to-week tenants in the Mayos' five-unit residential property in Dixon. Their written rental agreements set the rent at $75 per week, but the Mayos allowed the Appellants to trade labor at the apartments for their rent obligation. After Ronald Mayo made repeated, unwanted sexual advances and offered to accept sex in exchange for rent, Snider-Carpenter complained to Janet Mayo about Ronald Mayo's actions. In response, the Mayos ordered Snider-Carpenter to vacate immediately. Snider-Carpenter did not comply, and the Mayos forced their way into the unit and began removing Snider-Carpenter's belongings. When a Dixon police

_____

[1]The Honorable Richard E. Dorr, late United States District Judge for the Western District of Missouri.

officer saw that the Mayos were engaged in self-help eviction, he told the Mayos that they had to stop and proceed through a judicial eviction process because they were not operating a licenced motel.

The next day, the Mayos sought and obtained what purported to be a license from the City of Dixon, authorizing them to operate the property as a motel. When Janet Mayo presented the licence to Marshal Yoakum, he directed Officer Sinclair to order Snider-Carpenter to vacate her residence pursuant to Missouri's hotel ejection statute, Missouri Revised Statutes § 315.075. Snider-Carpenter vacated the unit under the supervision of Officer Johnson.

The Thompsons also lived in the Mayos' residential property. The Thompsons moved out of the property on their own, without any involvement by the Dixon police; Ronald Mayo's obnoxious behavior provided sufficient motivation for them to leave. The Thompsons told Marshal Yoakum about Ronald Mayo's actions, and he advised them to file a report. The Thompsons gave a report to Officer Sinclair, but apparently she never filed the report. The Appellants filed this action against the City of Dixon, its employees, and the Mayos, alleging deprivation of constitutional rights under § 1983 and violations of the Fair Housing Act (FHA).

The district court granted summary judgment to the City of Dixon, its employees, and the Mayos. During the initial appeal, we concluded that the FHA claim against the Mayos had not been resolved by the district court's order and accordingly dismissed the appeal for lack of jurisdiction. *Snider-Carpenter v. City of Dixon, Mo.*, 504 F. App'x 527 (8th Cir. 2013) (unpublished per curiam). On remand, the case was reassigned to another district judge[2] who denied the Appellants' request to alter the original summary-judgment ruling in favor of the City of Dixon and its

---

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

employees. When the district court granted in part and denied in part the Mayos' motion for summary judgment, the parties proceeded toward trial on the claims against the Mayos. Before trial, the Appellants reached a settlement with the Mayos, and the court[3] dismissed all claims against the Mayos at the Appellants' request. The Appellants now ask us to reverse the original district court ruling that granted summary judgment on the claims against the City of Dixon and its employees. We have jurisdiction to review the final judgment of the district court pursuant to 28 U.S.C. § 1291.

We review de novo the district court's decision to grant summary judgment in favor of the City of Dixon and its employees. *See Reed*, 561 F.3d at 790. Having conducted a careful review of the record and the parties' briefing, we are persuaded that the district court's reasoning is sound. First, the City of Dixon and its employees in their official capacities are not liable because Marshal Yoakum—the city official who directed the actions of the Dixon police officers—was not a policy maker; the record reflects that his "discretionary decisions [were] constrained by policies not of [his own] making," namely those promulgated by the Mayor and Board of Aldermen of the City of Dixon. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 652 (8th Cir. 1998) (quotation and citation omitted). Second, Marshal Yoakum and Officer Sinclair are not liable in their individual capacities; they are entitled to qualified immunity because they were not "plainly incompetent" and did not "knowingly violate the law." *See Bernini v. City of St. Paul*, 665 F.3d 997, 1005 (8th Cir. 2012) (quotation and citation omitted). We also find no reversible error in the district court's dismissal of the Appellants' claims based on the Fourth Amendment and their claims alleging violation of their rights under the FHA. The Appellants have not supported either claim with persuasive argument or controlling legal authority warranting reversal. Accordingly, we affirm. *See* 8th Cir. R. 47B.

---

[3]The Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri, sitting by consent of the parties.